## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **MARGARET A. PAUPER** ) <br> **6077B Wicker Ln** ) <br> **Centreville, VA 20121** ) <br>  ) <br> *Plaintiff,* ) <br>  ) <br> v. ) <br>  ) <br> **JOHN L. RATCLIFFE** ) <br> **DIRECTOR OF THE CENTRAL** ) <br> **INTELLIGENCE AGENCY** ) <br> **1000 Colonial Farm Road,** ) <br> **McLean, Virginia 22101** ) <br>  ) <br>  ) <br> *Defendant.* ) <br>  ) <br> Serve: ) <br>  ) <br> **UNITED STATES ATTORNEY'S OFFICE** ) <br> **Eastern District of Virginia** ) <br> **2100 Jamieson Avenue** ) <br> **Alexandria, VA 22314** ) <br>  ) <br> **ATTORNEY GENERAL OF** ) <br> **THE UNITED STATES** ) <br> **U.S. DEPARTMENT OF JUSTICE** ) <br> **950 Pennsylvania Avenue NW** ) <br> **Washington, DC 20530-0001** ) <br>  ) | **Case No.:** <br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR EQUITABLE RELIEF AND COMPENSATORY DAMAGES

COMES NOW, Margaret A. Pauper[1], Plaintiff, (hereinafter "Plaintiff") by and through undersigned counsel, and complains against Defendant, John L. Ratcliffe, Director of the Central Intelligence Agency (hereinafter "Defendant") and in support thereof states as follows:

## INTRODUCTION

1. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII") for the Defendant's unlawful harassment, discrimination based on race (African American) and color (Black), hostile work environment, and retaliation against the Plaintiff, including, but not limited to, Defendants' unlawful and discriminatory preference and treatment, as well as retaliating against Plaintiff for her statutorily-protected activity.

## JURISDICTION AND VENUE

2. This Honorable Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331 as it asserts a claim that arises under the Constitution, laws, or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq., to redress and enjoin employment practices of the Defendant.

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

4. Venue is appropriate because a substantial part of the actions complained of are the result of actions and employment practices of Defendant, which operates in McLean, Virginia.

5. Additionally, venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the wrongful conduct complained of herein

---

[1] "Margaret A. Pauper" is pseudonym. Plaintiff, a current intelligence officer is proceeding under this alias to protect her identity for both personal safety and national security reasons.

occurred in this District, Defendants transact substantial business in this District, and Defendants maintain employment records related to this action in Virginia. Furthermore, Plaintiff works in Virginia, and all relevant events giving rise to this cause of action occurred in Virginia.

## EXHAUSTION OF REMEDIES

6. Plaintiff has exhausted all of her administrative remedies.

7. Plaintiff filed her initial EEO complaint in April 2023, followed by a formal EEO complaint in July 2023, alleging race (African American) and color (Black) discrimination, hostile work environment, and retaliation.

8. Plaintiff received the Report of Investigation (ROI) from the Agency on July 12, 2024, and accordingly, Plaintiff's request for a hearing was timely filed on August 1, 2024, within 30 days of receipt of the ROI.

9. On December 16, 2024, the Agency issued a Final Agency Decision (FAD).

10. Accordingly, Plaintiff timely files this action in accordance with the Notice of Rights, which provided Plaintiff the right to file this Complaint within 90 days of receipt of the Notice.

## NATURE OF THE ACTION

11. Plaintiff brings this action to secure protection of rights granted under the statutes mentioned above, to redress deprivation of rights thereunder, and to obtain such other relief as is necessary to redress the injury to Plaintiff resulting from Defendant's violation of those statutes.

12. Plaintiff's damages are significant, including, but not limited to, the loss of reputation, career advantage, emotional tranquility, and denial of her constitutional and statutory rights.

13. The action seeks declaratory and injunctive relief, as well as compensatory and punitive damages, both to secure future protection and to redress the past deprivation of rights guaranteed to named Plaintiff.

## PARTIES

14. Plaintiff, Margaret A. Pauper, is an African American female who resides in Centreville, VA.

15. Defendant John L. Ratcliffe is the Director of the Central Intelligence Agency ("CIA"), which is an executive department of the U.S. federal government responsible for the nation's foreign intelligence and national security. Plaintiff brings suit against Mr. Ratcliffe in his official capacity as Director of the CIA on behalf of the Central Intelligence Agency.

16. Ms. Pauper worked as a trainee with the Central Intelligence Agency from April 2022 until her improper removal from the training program on August 1, 2023.

17. During the relevant period, Defendant employed Plaintiff, Ms. Pauper.

18. During the relevant period, Plaintiff was Defendant's employee within the meaning and entitled to the protections of Title VII.

## FACTUAL ALLEGATIONS

19. Plaintiff Margaret A. Pauper was employed as a trainee with the Central Intelligence Agency beginning in April 2022 and never had any negative complaints about her work prior to the incidents underlying this Complaint.

20. On or about April 7, 2022, Team Lead Brittany D. stated to Plaintiff, in front of a colleague, words to the effect of, "I noticed your hair is getting shorter, mmmm such a permanent decision," referring to Plaintiff's African American hair texture and use of a relaxer.

21. From July 29, 2022, to August 2, 2022, Team Lead Brittany D. questioned whether Plaintiff had passed a test within Plaintiff's training program and required Plaintiff to re-take the test even though Plaintiff had passed the test.

22. From August 28, 2022, to September 22, 2022, Team Lead Evan P. questioned Plaintiff about her educational background.

23. On or about November 21, 2022, Team Lead Brittany D. and Deputy Chief Benjamin S. issued Plaintiff a "major" training course violation for failure to maintain appropriate security protocols regarding sensitive and classified information even though the Security Officer determined Plaintiff had not violated security protocols.

24. From December 29, 2022, to January 2, 2023, Team Lead Brittany D. questioned Plaintiff about her physique, asking Plaintiff whether she was a gymnast.

25. After January 2, 2023, Team Lead Brittany D. began publicly referring to Plaintiff as "muscles."

26. On or about the week of January 20, 2023, Team Lead Brittany D. and Deputy Chief Benjamin S. disagreed with a decision Plaintiff made during a training course exercise and issued her a "major" training course violation.

27. On or about the week of January 20, 2023, Team Lead Brittany D. and Deputy Chief Benjamin S. issued Plaintiff a "minor" training course violation for failing to employ best practices when preparing a briefing.

28. On or about the week of January 20, 2023, Team Lead Brittany D. and Deputy Chief Benjamin S. issued Plaintiff a "minor" training course violation for failing to abide by required time limits during a training course exercise.

29. In January 2023, April 2023, and May 2023, Team Lead Brittany D. stood over Plaintiff and stared down at her within inches, for roughly a minute without speaking, and then left without making any comments.

30. From February 13, 2023, to February 20, 2023, Deputy Chief Benjamin S. attempted to insult Plaintiff by assigning her a rating based on a scale he created to rate her personality.

31. On or about the week of February 13, 2023, Team Lead Brittany D. and Deputy Chief Benjamin S. issued Plaintiff a "minor" training course violation during a training course exercise.

32. From March 27, 2023, to April 7, 2023, during a meeting, Team Lead Brittany D. instructed Plaintiff "don't wear what you had on yesterday," and then proceeded to laugh out loud to herself.

33. From April 9, 2023, to April 15, 2023, trainee Seth D. laughed at Brittany D.'s treatment of Plaintiff and trainee Kathryn P. said, "you know how [Brittany D.] is with you."

34. On or about May 10, 2023, trainee Andrew W. made false and disparaging remarks to management about Plaintiff t's performance during a training course exercise.

35. On or about June 30, 2023, Team Lead Brittany D. issued a rating to Plaintiff with commentary not reflective of her performance during the training course.

36. From July 24, 2023, to August 1, 2023, Team Lead Brittany D. stood over and stared down at Plaintiff within inches, stared for roughly a minute without speaking, and then stated words to the effect of, "I'm just checking on your stress level."

37. On or about July 17, 2023, trainee Kathryn P. reported to Team Lead Brittany D. that Plaintiff had committed a security violation.

38. On August 1, 2023, Agency Manager Janel B. told Plaintiff that she was being removed from the training program effective immediately, and that there was no appeal process.

39. On or about August 22, 2023, following removal from the training program, Team Lead Brittany D. emailed Plaintiff, copying ten individuals on the message, and directing Plaintiff to clean out her desk and safe.

40. On October 5, 2023, Branch Chief William W. declined to allow Plaintiff to conduct a briefing upon the request of Ashwin R.

41. Plaintiff has consistently been the target of race and color discrimination, hostile work environment, and retaliation.

42. More specifically, the Plaintiff faced continuous and relentless harassment, beginning with the inappropriate comments about her hair and appearance, continuing through the disparate application of training standards and disciplinary measures, culminating in her retaliatory removal from the training program. The aforementioned misconduct was so egregious and pervasive that it has affected the Plaintiff's mental, emotional, and physical wellbeing in irreparable ways.

43. Other similarly situated employees outside of Plaintiff's protected class have received more favorable treatment and have not been subjected to removal or termination from the training program.

44. Plaintiff was forced to file suit due to Defendant's inability to remedy its unlawful conduct, which has cost Plaintiff significant financial strain as well as emotional distress.

45. The Defendant's discriminatory and retaliatory practices have been effectuated in violation of Title VII of the Civil Rights Act.

## COUNT I

### VIOLATION OF TITLE VII – RACE DISCRIMINATION

46. Plaintiff re-alleges and incorporates by reference each and every allegation in the paragraphs above, as if fully set forth herein.

47. A *prima facie* case of race discrimination requires a showing of four (4) elements: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination.

48. Here, the four (4) elements of a prima facie case of race discrimination are met. The Plaintiff is African American, a woman, and is considered a member of a protected class as stipulated under Title VII of the Civil Rights Act of 1964. Additionally, Plaintiff is a qualified professional and had no negative complaints about her work prior to the incidents underlying this Complaint.

49. The Plaintiff suffered adverse employment actions directly related to her position of being a protected class member as recognized under Title VII of the Civil Rights Act of 1964 when she was repeatedly discriminated against and harassed by her supervisors, including Team Lead Brittany D. and Deputy Chief Benjamin S.

50. Representatives of Defendant have subjected Plaintiff to a pattern of discriminatory, disparate treatment that stands in stark contrast to the more favorable treatment received by similarly situated non-African American trainees.

51. Defendant discriminatory conduct included, but was not limited to, inappropriate comments regarding Plaintiff's African American hair texture and use of a relaxer, requiring Plaintiff to retake a test she had already passed, questioning her educational background, falsely issuing major and minor training course violations, and publicly ridiculing her.

52. Because of her race and color, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint in violation of Title VII.

53. Defendants' foregoing unlawful adverse actions materially affected the terms, privileges, and conditions of Plaintiff's employment.

54. Defendant knew that Plaintiff was African American prior to the adverse actions described throughout the Complaint and was aware, or should have been aware, of the discrimination Plaintiff was subjected to because of her race.

55. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her race.

56. Defendant reprimanded Plaintiff in a way that deprived her of workplace safety and otherwise adversely affected her status as an employee because of her race.

57. Other employees who were similarly situated, but were non-Black or Caucasian individuals, which is different from the Plaintiff, have been treated more favorably than the Plaintiff with regards to the terms and conditions of employment and workplace conditions.

58. Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

59. Plaintiff's race was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

60. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

61. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of her race.

62. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages including, but not limited to, past and future loss of income, benefits, career opportunities, medical expenses, and costs and is entitled to all available legal and equitable remedies.

63. Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

64. Defendant must comply with Title VII, but by and through its conduct, has violated Title VII.

## COUNT II

## VIOLATION OF TITLE VII – COLOR DISCRIMINATION

65. Plaintiff re-alleges and incorporates by reference each and every allegation in the paragraphs above, as if fully set forth herein.

66. A *prima facie* case of race discrimination requires a showing of four (4) elements: (1) she is a member of a protected class based on her skin color; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination.

67. Plaintiff was subjected to adverse employment actions because of her skin color in violation of Title VII of the Civil Rights Act of 1964.

68. Plaintiff's skin color is Black, which Defendant knew of prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected to because of her color.

69. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her color.

70. Defendant reprimanded Plaintiff in a way that deprived her of workplace safety and otherwise affected her status in the training program because of her color.

71. Plaintiff was subjected to derogatory remarks and unfair treatment, including being assigned a personality rating scale as an insult, being publicly called "muscles," and being repeatedly scrutinized for her actions in a manner different from her non-Black peers.

72. Other employees who were similarly situated, but who had different skin color than Plaintiff, have been treated more favorably than the Plaintiff with regards to the terms and conditions of employment and workplace conditions.

73. Plaintiff's color was a determining and motivating factor in Defendant's unlawful conduct toward Plaintiff.

74. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

75. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of her color.

76. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages including but not limited to past and future loss of income, benefits, career opportunities, medical expenses and costs and is entitled to all available legal and equitable remedies.

77. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

78. Plaintiff has incurred lost wages, loss of reputation, defamation of character, and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff not contributing in any way thereto.

79. Defendant must comply with Title VII, but by and through its conduct, has violated Title VII.

## COUNT III

**VIOLATION OF TITLE VII - HOSTILE WORK ENVIRONMENT/HARASSMENT**

80. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

81. When hostile work environment is alleged to have occurred as a result of unlawful discrimination, the Plaintiff must show that: (1) she belongs to a statutorily protected class; (2) she was subjected to harassment in the form of unwelcome verbal or physical conduct; (3) the harassment complained of was based on her statutorily protected class; (4) the harassment affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile, or offensive work environment; and (5) there is a basis for imputing liability. See *Henson v. City of Dundee*, 682 F.2d 897 (11th Cir. 1982); *Humphrey v. United States Postal Service*, EEOC Appeal No, 01965238 (October 16, 1998); *Harris v. Forklift Systems, Inc.*, 510 U.S. at 21 (1993).

82. The actions and conduct of the above-described perpetrators as set forth herein created a hostile, offensive and intimidating work environment and detrimentally affected Plaintiff.

83. The actions and conduct by the above-described perpetrators as set forth herein were severe and pervasive and based on Plaintiff's race and color and constituted discrimination based on race and color.

84. On multiple occasions, Team Lead Brittany D. stared down at Plaintiff within inches for roughly a minute without speaking, creating an intimidating work environment.

85. The actions and conduct described herein would have detrimentally affected a reasonable person of the same race and color in Plaintiff's position.

86. Defendant knew or should have known of the harassment described herein. Defendant has failed to address the problems and further failed to implement effective and appropriate measures to stop the harassment.

87. By failing to conduct a prompt and thorough investigation of Plaintiff's allegations of harassment; failing to redress the harassment of Plaintiff by her supervisors; by consciously failing to protect Plaintiff from harassment within the Agency; and by punishing Plaintiff for her complaints of harassment by removing her from the training program, Defendant exacerbated the hostile work environment suffered by Plaintiff and intentionally discriminated against Plaintiff in violation of Title VII.

88. Defendant's actions, and failure to act, amounted to discrimination under Title VII and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Title VII, through the 1972 amendment known as the Equal Employment Opportunity Act ("EEOA"), provides an enforcement remedy for equal protection violations of federal employees through Section 5 of the Fourteenth Amendment.

89. As a direct result of Defendant's unlawful acts of harassment, Plaintiff has suffered damages, including but not limited to lost wages and emotional and mental distress.

## COUNT IV

### VIOLATION OF TITLE VII – RETALIATION

90. Plaintiff re-alleges and incorporates by reference each and every allegation in the paragraphs above, as if fully set forth herein.

91. Title VII of the Civil Rights Act prohibits an employer from "discriminat[ing] against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e–2(a)(1), and from retaliating against employees for engaging in activity protected by Title VII, id. § 2000e–3(a). To that end, an employer may not create or condone a hostile or abusive work environment that is discriminatory. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64–65 (1986).

92. Here, the Plaintiff faced retaliation for the complaints she submitted internally with the Agency on April 7, 2023, July 22, 2023, and July 26, 2023.

93. Soon after complaining, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint in violation of Title VII. She has since suffered further retaliation as a result of her complaint in continuation of the retaliation complained of in her EEO Charge. Such acts not only constituted adverse actions against Plaintiff but also created a profound chilling effect in which Plaintiff and other similarly situated employees may fear swift retribution for pursuing their cases to the fullest extent.

94. Defendant subjected Plaintiff to the aforementioned adverse employment actions because of her opposition to the unlawful and discriminatory employment practices of Defendant in violation of Title VII.

95. Defendant, including Plaintiff's supervisors, knew of Plaintiff's engagement in protected activity prior to engaging in the aforementioned adverse actions when they were informed by Plaintiff directly, advised by an EEO representative, or otherwise should have known that Plaintiff engaged in the complaint process based on her complaint filings. The adverse retaliatory actions to which Plaintiff has been subjected to are a direct result of Plaintiff having previously engaged in statutorily protected activity.

96. Plaintiff's prior protected activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

97. Plaintiff's prior protected activity was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

98. Similarly situated employees (no known prior EEO activity) were not subjected to the same, similar, or any adverse treatment.

99. Defendant's unlawful conduct has created a climate of fear and isolation for Plaintiff and other employees, which creates a chilling effect in violation of Title VII.

100. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

101. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment.

102. Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her participation and opposition to Defendant's discriminatory conduct.

103.  Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

104.  As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

105.  Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

106.  Plaintiff has incurred lost wages, loss of reputation, defamation of character, and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

107.  Defendant must comply with Title VII, and by and through its conduct, violated the law. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot offer any legitimate reason for its unlawful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Margaret A. Pauper, respectfully prays that this Court grant her the following relief:

a.  Enter a declaratory judgment finding that the foregoing actions of Defendant violated Title VII;

b. Enter a permanent injunction directing Defendant to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

c. Award back pay and compensatory damages in the amount of $1,000,000 that would fully compensate Plaintiff for the economic loss, loss of promotional potential, reputation, lost wages, lost job benefits; physical and psychological injury, humiliation, embarrassment; and mental and emotional distress caused by the conduct of the Defendant alleged herein;

d. Award Plaintiff reasonable attorneys' fees and costs incurred in this action; and

e. Order such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

Dated: March 17, 2025

                                              Respectfully submitted,

                                              By: /s/ Andrew O. Clarke
                                              Andrew O. Clarke, Esquire
                                              VA Bar ID: 87395
                                              District Legal Group, PLLC
                                              163 Waterfront Street, Suite 440
                                              National Harbor, MD 20745
                                              T: 202.780.9144
                                              E: a.clarke@aclarkelaw.com
                                              *Counsel for Margaret A. Pauper*